**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

LYNN McCULLOUGH and
WILLIAM McCULLOUGH,

      Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES,
LTD., RAIN FOREST ADVENTURES,
RAIN FOREST ADVENTURES ST. LUCIA,
RAIN FOREST SKY RIDES
d/b/a ELITE SHORE EXCURSIONS,
ELITE SHORE EXCURSIONS,
ELITE SHORE EXCURSIONS FOUNDATION,
RAIN FOREST SKY RIDES, LTD.
RAIN FOREST SKY RIDES ST. LUCIA, LTD., and
CANOPY ENTERPRISES, INC.,

        Defendants.

_____/

## COMPLAINT AND JURY TRIAL DEMAND

      LYNN McCULLOUGH and WILLIAM McCULLOUGH, Plaintiffs, as and for their

complaint against ROYAL CARIBBEAN CRUISES, LTD., RAIN FOREST ADVENTURES,

RAIN FOREST ADVENTURES ST. LUCIA, RAIN FOREST SKY RIDES d/b/a ELITE

SHORE EXCURSIONS, ELITE SHORE EXCURSIONS, ELITE SHORE EXCURSIONS

FOUNDATION, RAIN FOREST SKY RIDES, LTD., RAIN FOREST SKY RIDES ST.

LUCIA, LTD., and CANOPY ENTERPRISES, INC., allege as follows:

## The Parties

1.      At all times material hereto, Lynn McCullough, Plaintiff, was an individual, a citizen and resident of Pampa, Texas, and was the spouse of William McCullough.

2.      At all times material hereto, William McCullough, Plaintiff, was an individual, a citizen and resident of Pampa, Texas, and was the spouse of Lynn McCullough.

3.      At all times material hereto, Royal Caribbean Cruises, Ltd. ("RCCL"), Defendant, was a Liberian corporation with its principal place of business in Miami, Florida and was a common carrier of passengers by water for hire.

4.      At all times material hereto, Rain Forest Adventures, Rain Forest Adventures St. Lucia, Rain Forest Sky Rides d/b/a Elite Shore Excursions, Elite Shore Excursions, Elite Shore Excursions Foundation, Rain Forest Sky Rides, Ltd., and Rain Forest Sky Rides St. Lucia, Ltd., Defendants, were foreign corporations, maintaining their principal places of business in St. Lucia and/or Miami, Florida, and upon information and belief, were licensed under the laws of foreign countries, including St. Lucia, and doing business as shore excursion operators in several locales, including, St. Lucia.   At all times material hereto, Canopy Enterprises, Inc. ("Canopy"), Defendant, was a Delaware corporation with its principal place of business in Miami, Florida.   These Defendants shall be collectively referred to as "Rain Forest."   Rain Forest maintains an office, under the name "Rain Forest Adventures," in Miami, Florida.

## Jurisdiction and Venue

5.      This is an action involving the diversity of citizenship of the parties as more fully described herein and for damages in excess of $75,000.00.   In addition, there is a forum

selection clause in the Plaintiff's passenger cruise ticket with Defendant RCCL, which calls for all lawsuits to be brought in the federal court for the Southern District of Florida.

6.     RCCL, Defendant, is a common carrier engaged in the business of marketing, advertising, selling and operating a cruise line and the provision and sale of shore excursions out of various ports within the continental United States, including Ft. Lauderdale and Miami, Florida, San Juan, Puerto Rico, as well as the world, including St. Lucia.  RCCL derives substantial revenues from the cruises originating and terminating in various ports of the State of Florida, including Ft. Lauderdale and Miami, and San Juan, Puerto Rico as well as from the sale of shore excursions which it advertises, markets and sells as part of the cruise voyages to its customers.

7.     At all times material hereto, RCCL was the owner, operator, owner *pro hac vice* and/or otherwise in control of M/V ADVENTURE OF THE SEAS.

8.     At all times material hereto, Rain Forest Adventure Park/Rain Forest Sky Rides Zip Line Tours in Babonneau, St. Lucia, and the platforms, traverses, and zip lines used in conjunction therewith, were owned and/or operated by Rain Forest, including all equipment and employees related to and necessary for the operation of the excursion/tour.

9.     At all times material hereto, the Rain Forest Adventure Park/Rain Forest Sky Rides Zip Line Tours located in Babonneau, St. Lucia, and the platforms, traverses, zip lines and equipment used in conjunction therewith were offered, arranged for, sponsored, recommended, marketed, sold, co-operated and/or managed by RCCL from its headquarters in Miami, Florida, as well as onboard M/V ADVENTURE OF THE SEAS.

10.     At all times material hereto, Rain Forest was engaged in the business of marketing, advertising, selling, and operating zip line tours over and through various jungles and park locations in Central America, the Caribbean and St. Lucia.  Rain Forest derives its revenues by providing shore excursions/tours to cruise lines and their passengers from visiting cruise ships, like the Plaintiffs.  Rain Forest markets and promotes its zip line tour service on its website, on which it provides locations where the zip line tours operate, detail the safety of the service and describe how and where the company started along with customer testimonials.

11.     At all times material hereto, Rain Forest, either personally or through agents or representatives, was operating, conducting, engaging in and carrying on business and/or business ventures in the State of Florida and/or the United States as a whole, thereby subjecting itself the jurisdiction in this State under the Long Arm Statutes of Florida, including Florida Statute §§ 48.081, 48.181, and/or 48.193 and/or pursuant to Rule 4(k)(2), Federal Rules of Civil Procedure.

12.     At all times material hereto, upon information and belief, Rain Forest, either personally or through its agents and representatives, was doing substantial and non-isolated business in the State of Florida and/or the United States as a whole, including the conducting of an ongoing business relationship with RCCL and other cruise lines headquartered in Miami for marketing and selling of recreational shore excursions/tours, including the zip line tour at the Rain Forest Adventure Park/Rain Forest Sky Rides Zip Line Tours located in Babonneau, St. Lucia, thereby subjecting itself to the jurisdiction in this State under the Long Arm Statutes of Florida, including Florida Statutes §§ 48.081, 48.181 or 48.193 and/or pursuant to Rule

4

4(k)(2), Federal Rules of Civil Procedure. Rain Forest entered into contracts in Miami with RCCL and other cruise lines as well as other entities within Florida and the United States.

13.    At all times material hereto, Rain Forest marketed its shore excursions directly through its Florida marketing representatives and/or partner and/or co-owner, RCCL, which promoted these shore excursions/tours in its literature, on its website and onboard its cruise ships for sale to passengers boarding its ships in Ft. Lauderdale, Miami and San Juan, Puerto Rico.

14.    At all times material hereto, and upon information and belief, Rain Forest entered into a contract with RCCL with the intent of providing protection for RCCL's passengers, including the Plaintiffs, whereby Rain Forest agreed to subject itself to the laws and jurisdiction of the State of Florida, consented to personal jurisdiction over itself, and consented to the venue of the Federal Court of the Southern District of Florida.  Rain Forest is believed to have also agreed to indemnify RCCL for the claims made in the Complaint within the meaning of Florida Statutes § 48.193(d).  Furthermore, Rain Forest is subject to the jurisdiction of this Court because it sold and marketed tickets to the zip line tour conducted in the Rain Forest Adventure Park/Rain Forest Sky Rides Zip Line Tours located in Babonneau, St. Lucia, which was administered both in Florida and in St. Lucia.

15.    All conditions precedent to the filing and maintenance of this action have been performed, fulfilled, or waived.

### General Allegations

16.     On or about July 11, 2015, Lynn McCullough and William McCullough, Plaintiffs, in consideration of the payment of a specified sum of money, received a ticket or tickets and boarded the RCCL M/V ADVENTURE OF THE SEAS in San Juan, Puerto Rico for a seven-day pleasure cruise.

17.     Prior to the cruise, the Plaintiffs purchased the subject Rain Forest Adventure Park/Rain Forest Sky Rides Zip Line Tours excursion in Babonneau, St. Lucia, from RCCL's website.  They then received the tickets from RCCL onboard M/V ADVENTURE OF THE SEAS.

18.     On or about July 15, 2015, the Plaintiffs, during the cruise, disembarked from M/V ADVENTURE OF THE SEAS to participate in the Rain Forest Adventure Park/Rain Forest Sky Ride Zip Line Tours excursion in Babonneau, St. Lucia.  This excursion included shore transportation to and from the excursion activities site, and consisted of 18 separate platforms and several horizontal traverses and on platform #15, a rappelling activity.  The excursion was advertised as the "Adrenaline" zip line tour.

19.     During the tour at platform #15, Lynn McCullough, Plaintiff, was not properly secured, braked, stopped, caught or otherwise slowed down in any manner during the rappelling activity and was allowed to free fall to the ground from the deck of platform #15, a distance of 50 feet or more, by the Rain Forest employees stationed on platform #15 and on the ground below platform #15.  Moreover, Rain Forest did not have proper medical/emergency equipment or medical personnel on site, which impeded and delayed the provision of medical care and patient transport following the fall.

20.      As a proximate result of the improper and dangerous operation of the rappelling activity, and the lack of proper medical equipment and personnel, Lynn McCullough, Plaintiff, suffered severe and permanent injuries.   The entire incident happened in the presence of William McCullough, Plaintiff, who suffered physical injury and psychological trauma as a result, including injuring his back and knee while attempting to assist his wife after the fall.

21.      At all material times, RCCL was and is engaged in the business of providing cruise vacation experiences to the public.   The experience of recreational shore excursions at the various ports of call are an essential and integral activity of the cruises sold and advertised by RCCL.   RCCL organizes, promotes, advertises, vouches for and directly sells the shore excursions provided by employees, agents, servants, and/or representatives of RCCL.   RCCL solicits, screens, selects, appoints, contracts with and partners with various excursion providers, including Rain Forest.   The shore excursions become a part of particular cruises and are described, marketed and advertised by RCCL on its website and published literature, and provided directly to passengers, including Lynn McCullough and William McCullough, Plaintiffs.

22.      RCCL profits directly from the sale of shore excursions, taking and keeping a percentage of the shore excursion revenue.   The revenue from these excursions forms a significant portion of the overall revenue generated by RCCL and is an integral portion of its business plan and model.

23.      At all times material hereto, RCCL hired and/or utilized its employees, agents, representatives, crewmembers, and/or other agents or promote, market, coordinate, explain and directly sell excursions provided by Rain Forest.

24.     As part of its promotion of this significant portion of its business, RCCL maintains a department at its headquarters in Miami, Florida devoted to developing, promoting, marketing, coordinating, explaining, selling, overseeing, supervising, auditing, tracking and monitoring these excursions, including the Rain Forest Adventure Park/Rain Forest Sky Rides Zip Line Tours in Babonneau, St. Lucia.

25.     In addition, RCCL also maintains a department and/or specified group of employees and crewmembers on each of its ships, including M/V ADVENTURE OF THE SEAS, to promote, market, coordinate, explain, oversee, supervise and sell these excursions as well as to assist various tour operators, including Rain Forest, to carry out and perform these excursions, including the Rain Forest Adventure/Rain Forest Sky Ride Zip Line Tours in Babonneau, St. Lucia.

26.     At all times material hereto, RCCL derived substantial income from promoting, marketing, coordinating, directly selling and vouching for excursions provided by Rain Forest.

27.     RCCL, in an effort to persuade and convince its passengers to purchase shore excursions, makes representations in its literature, advertisements, promotional materials and onboard its vessels about the safety and security of the excursions by Rain Forest and other excursion providers, to include Rain Forest Adventure Park/Rain Forest Sky Ride Zip Line Tours in Babonneau, St. Lucia.

28.     As part of its efforts to persuade its passengers to purchase and partake in these excursions, RCCL represents to its passengers, including Lynn McCullough and William McCullough, Plaintiffs, that it regularly oversees, monitors, audits, tracks and inspects the

operations of its tour operators, such as Rain Forest, both before and after it includes them as operators of tours which it promotes and sells to its passengers.

29.     As part of its efforts to persuade its passengers to purchase and partake in these excursions, including the Rain Forest Adventure Park/Rain Forest Sky Ride Zip Line Tours in Babonneau, St. Lucia, RCCL represents that it sets safety standards for tour operators, such as Rain Forest, to comply with carrying out the excursions it promotes and sells to its passengers.

30.     RCCL, both before and after the July 11, 2015 cruise of M/V ADVENTURE OF THE SEAS, made representations on its web page and promotional materials regarding its shore excursions, including the Rain Forest Adventure Park/Rain Forest Sky Rides Zip Line Tours in Babonneau, St. Lucia.

31.     RCCL made these representations with the purpose and intent that passengers rely upon them.  Passengers, including the Plaintiffs, relied upon, to their detriment, these representations in choosing the cruise and the subject shore excursion, which they purchased directly from RCCL in reliance upon the above referenced representations.

32.     RCCL additionally participated in the operation of Rain Forest's zip line excursion in the following ways:

(a)     RCCL made all arrangements for the subject excursion without disclosing to the Plaintiffs that the subject excursion was being run by another entity (and/or entities); and/or

(b)     RCCL marketed the subject excursion using its company logo on its website and/or in its brochures and/or on its ship whereby it offered, sold, provided information

to and answered questions of passengers about the subject excursion without disclosing to Plaintiffs that the subject excursion was being run by another entity (and/or entities); and/or

(c)      RCCL maintained an excursion desk on its ship whereby it offered, sold, provided information to and answered questions of passengers about the subject excursion without disclosing to Plaintiffs that the subject excursion was being run by another entity (and/or entities); and/or

(d)      Until the point that Plaintiffs left the dock at which M/V ADVENTURE OF THE SEAS was secured, the Plaintiffs' exclusive contact concerning the subject excursion was with RCCL; and/or

(e)      RCCL recommended to Plaintiffs to not engage in excursions, tours or activities that were not sold through RCCL as RCCL had no familiarity with other tours or their operations; and/or

(f)      Plaintiffs received a receipt exclusively from RCCL for the purchase of the subject excursion; and/or

(g)      The fee for the excursion was charged to the Plaintiffs and collected from the Plaintiffs exclusively by RCCL.

33.      Rain Forest, in an effort to persuade and convince passengers of cruise lines to purchase its excursions, made representations on its website about the safety and security of the adrenaline zip line excursions, to include the Rain Forest Adventure Park/Rain Forest Sky Rides Zip Line Tours in Babonneau, St. Lucia.

## **Damages**

### *Compensatory Damages*

34.     As a proximate result of the Defendants' negligence, Lynn McCullough, Plaintiff, suffered severe, catastrophic and permanent injuries to her body and extremities, pain and suffering, disability, disfigurement, mental anguish, inconvenience, scarring, the loss of capacity for the enjoyment of life, loss of past earnings, impairment of her future earning capacity, and has incurred medical, nursing, rehabilitation and hospital expenses in the past and will continue to incur such expenses in the future.  All of said damages and injuries are permanent and continuing in nature.  As a proximate result of the Defendants' negligence, and the injuries sustained by Lynn McCullough on July 15, 2015 as aforesaid, William McCullough, Plaintiff, has been personally injured and has been deprived and will be permanently deprived in the future of the consortium of his spouse, Lynn McCullough, all to William McCullough's damage, in a total amount to be established by proof at trial.

### *Punitive Damages*

35.     The events causing injury in this case were committed with gross negligence, meaning that their conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.  As a result, punitive damages are appropriate.

### **COUNT I - Negligence Against RCCL**

The Plaintiffs adopt and reallege the allegations contained in paragraphs 1 through 35 above as fully as if set out herein, and further allege that:

36.     At all times material hereto, RCCL owned the duty to the Plaintiffs to exercise reasonable care under the circumstances for the Plaintiffs' safety and to warn of dangers known to RCCL in places where its passengers, including the Plaintiffs, were invited to and may reasonably be expected to visit.

37.     RCCL breached its duty of care to the Plaintiffs by committing one or more of the following acts and/or omissions, including, but not limited to:

(a)     Failing to provide a safe excursion;

(b)     Failing to provide an excursion with proper and safe equipment and personnel, including medical/emergency equipment and personnel;

(c)     Failing to provide and adequately inspect, investigate, screen, select and retain the services of its tour operator partner, Rain Forest, to insure it was operating and running a reasonably safe excursion;

(d)     Failing to adequately monitor, supervise, and audit the ongoing operations of its tour operator partner, Rain Forest, to insure it was using safe, proper and appropriate equipment, properly trained and competent personnel, and proper and safe procedures to provide a reasonably safe excursion for its passengers participating in the Rain Forest Adventure Park/Rain Forest Sky Ride Zip Line Tours in Babonneau, St. Lucia;

(e)     Failing to adequately warn the Plaintiffs of the dangers that would be encountered during the subject excursion;

(f)     Failing and/or allowing the excursion to proceed and/or continue under hazardous conditions which posed an unreasonable risk of injury to the Plaintiffs;

(g)     Assuring passengers, including Plaintiffs, that all aspects and conditions of the subject excursion were reasonably safe and appropriate for them when in fact they were not;

(h)     Failing to adequately describe all aspects of the subject excursion to Plaintiffs so that they could make an informed decision and to their participation in the subject excursion;

(i)     Failing to insure all necessary steps were taken for the Plaintiffs to safely participate in all aspects of the subject shore excursion;

(j)     Failing to adequately monitor, supervise and/or inspect its tour operator partner, Rain Forest, to insure that it employed reasonably safe means for passengers to participate in all aspects of the subject shore excursion;

(k)     Failing to promulgate, enforce and/or follow adequate policies and procedures for the inspection and monitoring of the subject excursion to insure proper equipment was used to allow for reasonably safe participation of all aspects of the subject shore excursion;

(l)     Failing to insure that properly trained and supervised persons operated the subject shore excursion;

(m)     Failing to insure that its tour operator partner, Rain Forest, had proper policies and procedures in place to insure passengers, including Plaintiffs, could reasonably safely participate in the subject excursion;

(n)     Having a shore excursion that was not competently or properly operated;

13

(o)     Failing to fulfill its duty to make good on its representations upon which it knew passengers would rely, including the above described promises and representations made in its literature, website and/or verbally to the Plaintiffs;

(p)     Failing to verify that the subject excursion was safe and reliable and properly insured;

(q)     Failing to implement a method of operation which was reasonable and safe and which would prevent the creation of dangerous conditions, such as the one in this case, and utilizing and/or allowing negligent methods of operation by its tour operator partner, Rain Forest;

(r)     Failing to promulgate and enforce appropriate safety rules for its tour operator partner, Rain Forest;

(s)     By creating an environment whereby passengers were deceived into believing that they were safe because they had purchased a RCCL excursion ticket as opposed to making their own excursion plans;

(t)     By promoting to its passengers a false sense of security, regarding the risks of the excursion, the competency of its tour partner, and the safety of the excursion by its advertising, marketing and representations;

(u)     By failing to properly implement policies and procedures to track prior accidents, incidents or problems so that passengers could be properly warned of the danger posed to their health, physical and mental well-being by participating in the subject excursion;

(v)     By failing to follow its own safety and quality manuals (SQM) and/or terms of agreements, contracts, policies and procedures with regard to the subject excursion;

14

(w)     By failing to properly, adequately and competently test and/or audit the equipment used on the subject excursion;

(x)     By failing to mandate and enforce that the employees and/or agents involved in the excursion comply with RCCL's policies and procedures relating to the health and safety of its cruise ship passengers;

(y)     By failing to mandate and enforce that its excursion partners, including Rain Forest, maintain qualified and competent personnel to perform its excursions, including the Rain Forest Adventures Park/Rain Forest Sky Rides Zip Line Tours in Babonneau, St. Lucia; and

(z)     In other matters not yet known, but which will be uncovered in discovery.

38.    At all times material hereto, RCCL failed to determine the hazards that the subject excursion posed to the Plaintiffs, failed to eliminate hazards, failed to modify the hazards and/or failed to properly warn the Plaintiffs of the hazards.  All of the above directly and proximately caused Lynn McCullough, Plaintiff, to be catastrophically injured as described above.

39.    RCCL knew of the foregoing conditions causing Plaintiff Lynn McCullough's accident and did not correct them, or the conditions existed for a sufficient length of time so that RCCL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

40.    At all times material hereto, RCCL failed to determine the hazards that the subject excursion posed to the Plaintiffs, failed to eliminate hazards, failed to modify the

hazards and/or failed to properly warn the Plaintiffs of the hazards.  All of the above directly and proximately caused William McCullough, Plaintiff, to be injured as described above.

41.     RCCL knew of the foregoing conditions causing Plaintiff William McCullough's injury and did not correct them, or the conditions existed for a sufficient length of time so that RCCL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

### COUNT II – Negligence/Gross Negligence Against Rain Forest

The Plaintiffs adopt and reallege the allegations contained in paragraphs 1 through 35 above as fully as if set out herein, and further allege that:

42.     At all times material hereto, Rain Forest owned and/or operated the subject excursion.

43.     Rain Forest owed a duty of reasonable care under the circumstances for the health, welfare and safety of those passengers of RCCL participating in its excursion.

44.     On or about July 15, 2015, Rain Forest and/or its agents, servants, joint venturers, partners and/or employees, breached its duty to provide Lynn McCullough, Plaintiff, with reasonable care under the circumstances and was negligent and careless by committing the following acts and/or omissions including, but not limited:

(a)     Failing to provide a safe excursion;

(b)     Failing to provide an excursion with proper and safe equipment and personnel, including medical/emergency equipment and personnel;

(c)     Failing to adequately train, monitor and supervise and subject excursion to insure it had all necessary equipment to allow for passengers to have reasonably safe means to participate in it;

(d)     Operating the excursion under hazardous conditions, which posed an unreasonable risk of injury to Lynn McCullough, Plaintiff;

(e)     Failing to warn Lynn McCullough, Plaintiff, of the dangers and obstacles that would be encountered during the subject excursion;

(f)     Failing to adequately monitor, supervise and/or inspect the subject excursion to insure that it employed reasonably safe means for passengers to participate in all aspects of the subject excursion;

(g)     Failing to promulgate, enforce and/or follow adequate policies and procedures for the inspection, monitoring and supervision of the subject excursion to insure proper and safe equipment was used for the reasonably safe participation of all aspects of the subject excursion;

(h)     Failing to insure that properly trained and supervised persons operated the subject excursion;

(i)     Operating a shore excursion that was not competently operated;

(j)     Failing to implement a method of operation which was reasonably safe and would prevent the creation of a dangerous condition, such as the one in this case, and utilizing or allowing negligent methods of operation;

(k)     Failing to promulgate and enforce appropriate safety rules;

(l)     Failing to properly provide a complete and accurate description of all aspects of the shore excursion to RCCL which it knew RCCL would use to provide information to passengers in RCCL's literature, website, and onboard the vessel;

(m)     Failing to verify that the subject excursion was safe, reliable, and properly insured;

(n)     Failing to exercise reasonable care for the safety of crews, passengers, including Lynn McCullough, Plaintiff, participating in the subject excursion;

(o)     Failing to use safe equipment for the performance of the subject excursion;

(p)     Failing to properly maintain the equipment used for the subject excursion;

(q)     Failing to use reasonable care in the hiring, screening, training and monitoring of its employees and/or agents operating the subject excursion;

(r)     Failing to warn Lynn McCullough, Plaintiff, about the hazardous nature of the subject excursion;

(s)     Failing to institute and carry out safety inspections and maintenance procedures to insure that the equipment used for the subject excursion was in good condition and otherwise safe;

(t)     Failing to exercise reasonable care in the operation of the subject excursion; and

(u)     In other matters not yet known at the present time, but which will be uncovered in discovery.

45.     At all times material hereto, Rain Forest failed to determine the hazards that the subject excursion posed to Lynn McCullough, Plaintiff, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn Lynn McCullough, Plaintiff of the hazards. All of the above directly and proximately caused Lynn McCullough, Plaintiff, to be injured.

46.     Rain Forest knew of the foregoing conditions causing Lynn McCullough, Plaintiff's accident, and did not correct them, or the conditions existed for a sufficient length of time so that Rain Forest, in the exercise of reasonable care under the circumstances, should have learned of them or corrected them.

47.     At all times material hereto, Rain Forest failed to determine the hazards that the subject excursion posed to William McCullough, Plaintiff, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn William McCullough, Plaintiff of the hazards. All of the above directly and proximately caused William McCullough, Plaintiff, to be injured.

48.     Rain Forest knew of the foregoing conditions causing William McCullough, Plaintiff's accident, and did not correct them, or the conditions existed for a sufficient length of time so that Rain Forest, in the exercise of reasonable care under the circumstances, should have learned of them or corrected them.

49.     Rain Forest, through its employees, agents, and other authorized representatives, by failing to take basic safety precautions that could have prevented Lynn McCullough's catastrophic injury, and William McCullough's resultant injury, acted with gross negligence, meaning that their conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

## COUNT III - Apparent Agency or Agency by Estoppel Claim Against RCCL

The Plaintiffs adopt and reallege the allegations contained in paragraphs 1 through 35 and 42 through 49 above as fully as if set out herein, and further allege that:

50. RCCL held out the owners and/or operators of the Rain Forest Adventure Park/Rain Forest Sky Rides Zip Line Tours in Babonneau, St. Lucia as its apparent agent. RCCL represented to its cruise passengers, including, but not limited to the Plaintiffs, that the operator of the Rain Forest Adventure Park/Rain Forest Sky Rides Zip Line Tours in Babonneau, St. Lucia excursion was acting for the benefit of RCCL. Included among these representations were the following:

(a) Starting when Plaintiffs received their cruise tickets, RCCL made known to its passengers with a series of internet, brochures and other media, all of which advertised the availability and safety of various RCCL excursions, which were presented as an integral part of the cruise ship voyage. These excursions were marketed as excursions which were not independent of RCCL, and which were distinguished from other, allegedly less safe excursions, which were not RCCL excursions.

(b) RCCL maintained a shore excursion desk manned by crewmembers onboard the RCCL M/V ADVENTURE OF THE SEAS which promoted, advertised, explained, coordinated and supervised its excursions, including the Rain Forest Adventure Park/Rain Forest Sky Ride Zip Line Tours in Babonneau, St. Lucia;

(c) Rain Forest was not identified as the owner/operator of the Rain Forest Adventure Park/Rain Forest Sky Ride Zip Line Tours in Babonneau, St. Lucia excursion at any

time when it was being marketed by RCCL and purchased by its passengers, including the Plaintiffs herein;

(d)     The excursions, including the Rain Forest Adventure Park/Rain Forest Sky Ride Zip Line Tours in Babonneau, St. Lucia excursion, were paid for by passengers by charging them to passengers' onboard accounts or through the passengers' accounts maintained with the cruise line website;

(e)     RCCL required that Rain Forest personnel on the pier have and hold up a sign for RCCL passengers, while cruise personnel were stationed at the foot of the pier and directed passengers toward the tour buses;

(f)     At all times material hereto, RCCL is estopped from denying that Rain Forest was its agent or employee;

(g)     RCCL is therefore legally responsible for the foregoing acts of negligence and gross negligence of Rain Forest set forth in Count II, including all subparts, which were a direct and proximate cause of the injuries of Lynn McCullough and William McCullough, Plaintiffs.

51.     At all times material hereto, RCCL failed to determine the hazards that the subject excursion posed to Lynn McCullough, Plaintiff, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn Lynn McCullough, Plaintiff of the hazards. All of the above directly and proximately caused Lynn McCullough, Plaintiff, to be injured.

52.     RCCL knew of the foregoing conditions causing Lynn McCullough, Plaintiff's accident, and did not correct them, or the conditions existed for a sufficient length of time so

that Rain Forest, in the exercise of reasonable care under the circumstances, should have learned of them or corrected them.

53.     At all times material hereto, RCCL failed to determine the hazards that the subject excursion posed to William McCullough, Plaintiff, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn William McCullough, Plaintiff of the hazards. All of the above directly and proximately caused William McCullough, Plaintiff, to be injured.

54.     RCCL knew of the foregoing conditions causing William McCullough, Plaintiff's accident, and did not correct them, or the conditions existed for a sufficient length of time so that Rain Forest, in the exercise of reasonable care under the circumstances, should have learned of them or corrected them.

### COUNT IV - Joint Venture between RCCL and Rain Forest

The Plaintiffs adopt and reallege the allegations contained in paragraphs 1 through 49 above as fully as if set out herein, and further allege that:

55.     At all times material hereto, RCCL and Rain Forest intended to form, and in fact engaged in, a joint venture to provide excursions to passengers onboard RCCL vessels, as evidenced by the total circumstances of the agreement and relationship between the parties.

56.     The provision of excursions at each port is a significant portion of the cruise as advertised, marketed and sold by RCCL, and an integral part of its overall business plan.  In order to fulfill its business plan and to make each passenger's cruise meet the representations contained in the above described advertising and marketing, it was necessary for RCCL to enter into a joint venture with tour operations, such as Rain Forest, in order to provide such excursions.

57.     As part of its joint venture, RCCL set up, developed, arranged for, sponsored, recommended, marketed, set the pricing, directly sold, provided expert advice, made announcements, organized passengers, handled customer complaints and issued refunds, controlled, supervised and monitored the Rain Forest Adventure Park/Rain Forest Sky Ride Zip Line Tours in Babonneau, St. Lucia excursion.

58.     As part of its joint venture, Rain Forest provided the personnel and equipment for the subject excursion for RCCL's passengers and agreed to work jointly with RCCL in its performance and operation.

59.     RCCL, on behalf of the joint venture, charged and collected a fee from its passengers who utilized the excursion.  Upon information and belief, the fee was split between RCCL and Rain Forest, so that each Defendant directly shared in the profits and losses of the joint venture.

60.     Since the port excursions are a critical part of RCCL's business strategy, RCCL would be required to either create or fully run the shore excursions itself or partner with local tour operators.   Therefore, by choosing this model, RCCL further benefited from the joint venture by not having to expend the money and other resources necessary to create its own excursions from scratch in each port.

61.     Both RCCL and Rain Forest invested their time, money, effort, overhead, employees, operating costs, salaries and other resources into this joint venture and therefore each further would share in the losses of the joint venture, if it was not successful or profitable by losing these investments.  In addition, RCCL would sustain additional losses if the joint venture was not successful by having to invest the money, resources, and time necessary to

create a replacement shore excursion in St. Lucia, since the existence of this excursion was of significant importance to RCCL's business model.

62.     In addition to sharing in the ticket sales generated by the joint venture, both RCCL and Rain Forest also shared in the profits of the joint venture in that it increased the attraction and value of their overall products and services, thereby improving their overall business prospects and profits, while also helping in their efforts to expand their core business. In the case of RCCL, the success of this excursion increased its ability to attract passengers for its cruises.  In the case of Rain Forest, it increased its ability to successfully market its services to other cruise lines, hotels and other entities.

63.     Both RCCL and Rain Forest had control over this joint venture.  Rain Forest had control over the day to day operation of the subject excursion through the use of its equipment and personnel.  RCCL also maintained control over the day to day operation of the excursion in that it established standards, policies and procedures to which it required Rain Forest to adhere regarding recruitment, hiring, qualifications and training of its personnel, the inspection, quality, maintenance and safety of its equipment, the retention of insurance and the manner of its operation of the subject excursion.  In addition, RCCL retained the right and ability to terminate, suspend, or postpone excursions if Rain Forest did not comply with the standards which it established, and retained the authority to inspect and supervise all aspects of the operation of the subject excursion by Rain Forest.  RCCL also maintained control over the arrangements for the scheduling, marketing, sales and refunds, as well as final authority over whether the excursion would be conducted, modified, cancelled or terminated at any time due to the existence of conditions which threatened the safety of its passengers.

64.    Upon information and belief, both Defendants maintained insurance for their activities in the performance of the joint venture.

65.    As a result of the above described facts, RCCL and Rain Forest therefore:

(a)    Had a community of interest in the performance of the common purpose, that is, the sale and provision of the subject excursion to passengers for profit and to further benefit their business models;

(b)    Had a joint right to control with respect to the provision of the subject excursion to passengers onboard RCCL's vessels;

(c)    Had a right to share in the profits; and

(d)    Had a duty to share in the losses which may have been sustained.

66.    As joint venturers, RCCL and Rain Forest are liable for each other's actions and negligence.  As a result, RCCL is liable for the negligent and grossly negligent conduct of Rain Forest as set forth in Count II and incorporated herein by reference, and Rain Forest is liable for the negligent conduct of RCCL as set forth in Count I and incorporated herein by reference, which were a direct and proximate cause of the injuries to Lynn McCullough and William McCullough, Plaintiffs.

67.    At all times material hereto, RCCL failed to determine the hazards that the subject excursion posed to Lynn McCullough, Plaintiff, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn Lynn McCullough, Plaintiff of the hazards. All of the above directly and proximately caused Lynn McCullough, Plaintiff, to be injured.

68.    RCCL knew of the foregoing conditions causing Lynn McCullough, Plaintiff's accident, and did not correct them, or the conditions existed for a sufficient length of time so

that Rain Forest, in the exercise of reasonable care under the circumstances, should have learned of them or corrected them.

69.     At all times material hereto, RCCL failed to determine the hazards that the subject excursion posed to William McCullough, Plaintiff, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn William McCullough, Plaintiff of the hazards. All of the above directly and proximately caused William McCullough, Plaintiff, to be injured.

70.     RCCL knew of the foregoing conditions causing William McCullough, Plaintiff's accident, and did not correct them, or the conditions existed for a sufficient length of time so that Rain Forest, in the exercise of reasonable care under the circumstances, should have learned of them or corrected them.

## COUNT V - Actual Agency Against RCCL

The Plaintiffs adopt and reallege the allegations contained in paragraphs 1 through 35 and 42 through 49 above as fully as if set out herein, and further allege that:

71.     RCCL acknowledged that Rain Forest acted for it as its agent, Rain Forest accepted said undertaking and RCCL exercised or retained the right to exercise control of Rain Forest's actions.

72.     Upon information and belief, Rain Forest entered into a contract with RCCL, which provides RCCL with extensive control over the day to day operations of Rain Forest.

73.     Upon information and belief, the contract between RCCL and Rain Forest imposes various insurance, safety and service standard obligations on Rain Forest spelled out in both the subject contract and other documents exchanged between the Defendants.

26

74.     RCCL acted as principal to the owners and operators of Rain Forest, which was the actual agent of RCCL, in connection with the performance of the Rain Forest Adventure Park/Rain Forest Sky Ride Zip Line Tours in Babonneau, St. Lucia excursion.  Rain Forest acknowledged that status either directly or indirectly as the agent of RCCL.

75.     RCCL performed all billing, advertising, organizing and direction of its passengers to the Rain Forest excursions.  Thus, RCCL is liable for the negligence of Rain Forest.

76.     Rain Forest owed a duty of reasonable care to the Plaintiffs as set forth in Count II of this Complaint, which it violated in the manner set forth in Count II, the allegations of which are incorporated herein by reference.

77.     At all times material hereto, Rain Forest was the agent of RCCL in connection with the above described matters, and accordingly, RCCL is legally responsible for the above described acts of negligence and gross negligence of Rain Forest as set forth in Count II, including all subparts, which were a direct and proximate cause of the injuries to Lynn McCullough and William McCullough, Plaintiffs.

78.     At all times material hereto, RCCL failed to determine the hazards that the subject excursion posed to Lynn McCullough, Plaintiff, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn Lynn McCullough, Plaintiff of the hazards. All of the above directly and proximately caused Lynn McCullough, Plaintiff, to be injured.

79.     RCCL knew of the foregoing conditions causing Lynn McCullough, Plaintiff's accident, and did not correct them, or the conditions existed for a sufficient length of time so

that Rain Forest, in the exercise of reasonable care under the circumstances, should have learned of them or corrected them.

80.     At all times material hereto, RCCL failed to determine the hazards that the subject excursion posed to William McCullough, Plaintiff, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn William McCullough, Plaintiff of the hazards. All of the above directly and proximately caused William McCullough, Plaintiff, to be injured.

81.     RCCL knew of the foregoing conditions causing William McCullough, Plaintiff's accident, and did not correct them, or the conditions existed for a sufficient length of time so that Rain Forest, in the exercise of reasonable care under the circumstances, should have learned of them or corrected them.

### COUNT VI - Breach of Third Party Beneficiary Contract Against Both Defendants

The Plaintiffs adopt and reallege the allegations contained in paragraphs 1 through 49 above as fully as if set out herein, and further allege that:

82.     RCCL and Rain Forest entered into a contract in which Rain Forest provided various excursions for RCCL's passengers, including the Rain Forest Adventure Park/Rain Forest Sky Ride Zip Line Tours in Babonneau, St. Lucia excursion.

83.     Upon information and belief this contract imposes various obligations upon Rain Forest intended for the benefit of passengers of RCCL, including the Plaintiffs, including, but not limited to, insurance, safety and service standard obligations, as well as the obligation to agree to jurisdiction for any litigation instituted by RCCL's passengers against it for breach of the obligations which it owed under the contract or any other rules, regulations and standards promulgated by RCCL.

84.     Rain Forest breached this contract by failing to comply with its safety and service standard obligations imposed by RCCL as described in detail in Count II, which is incorporated herein by reference.

85.     RCCL breached the subject contract by failing to comply with its obligations to make sure that Rain Forest complied with its safety and service standard obligations in connection with the operation of the subject excursion as set forth in detail in Count I, which is incorporated herein by reference.

86.     The above described obligations under this contract, and the various standards and obligations incorporated into it by reference, were intended for the benefit and safety of the passengers of RCCL, including the Plaintiffs.

87.     At all times material hereto, RCCL failed to determine the hazards that the subject excursion posed to Lynn McCullough, Plaintiff, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn Lynn McCullough, Plaintiff of the hazards. All of the above directly and proximately caused Lynn McCullough and William McCullough, Plaintiffs, to be injured.

88.     RCCL knew of the foregoing conditions causing Lynn McCullough, Plaintiff's accident, and did not correct them, or the conditions existed for a sufficient length of time so that Rain Forest, in the exercise of reasonable care under the circumstances, should have learned of them or corrected them.

89.     At all times material hereto, RCCL failed to determine the hazards that the subject excursion posed to William McCullough, Plaintiff, failed to eliminate the hazards, failed

to modify the hazards and failed to properly warn William McCullough, Plaintiff of the hazards. All of the above directly and proximately caused William McCullough, Plaintiff, to be injured.

90.     RCCL knew of the foregoing conditions causing William McCullough, Plaintiff's accident, and did not correct them, or the conditions existed for a sufficient length of time so that Rain Forest, in the exercise of reasonable care under the circumstances, should have learned of them or corrected them.

WHEREFORE, based on the causes of action set forth above, Lynn McCullough and William McCullough, Plaintiffs, demand judgment against the Defendants, Royal Caribbean Cruises, Ltd., and Rain Forest, jointly and severally, for compensatory and punitive damages in an amount to be determined at trial by a jury, together with interest and costs, and such other and further relief as may seem just to the Court in the premises.

PLAINTIFFS DEMAND A TRIAL BY JURY OF ALL CLAIMS SO TRIABLE.

Dated: January 15th, 2016.

Respectfully submitted,

/s/ Patrick E. Quinlan
_____
Christian D. Searcy
Florida Bar No.: 158298
Patrick E. Quinlan
Florida Bar No.: 750263
Attorney E-Mail:  peq@searcylaw.com
Primary E-Mail: _quinlanteam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida  33409
Phone: (561) 686-6300
Fax:    (561) 383-9465
Attorneys for Plaintiffs