UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-20194-GAYLES

LYNN McCULLOUGH and
WILLIAM McCULLOUGH,
              Plaintiffs,

      v.

ROYAL CARIBBEAN CRUISES, LTD., et al.,
              Defendants,
                                                          /

## ORDER STAYING MERITS-BASED DISCOVERY AS TO ALL DEFENDANTS AND GRANTING PLAINTIFFS LEAVE TO TAKE JURISDICTIONAL DISCOVERY

**THIS CAUSE** comes before the Court on Defendants Canopy Enterprises, Inc.; EMJO Investments Limited; Harald Joachim Von der Goltz; John Dalton; Andrew Pierce; and AP Electrical's Motion to Stay Discovery and/or Motion for Protective Order [ECF No. 132], and Plaintiffs' Motion to Defer Ruling on Personal Jurisdiction Pending Merits Determination and/or Completion of Jurisdictional Discovery [ECF No. 135]. The Court has reviewed the motions and is otherwise fully advised in the premises.

      Four of the Defendants (EMJO Investments Limited, John Dalton, Andrew Pierce, and AP Electric) have filed the instant motion to stay discovery until the Court rules on their motion to dismiss for lack of personal jurisdiction. To prevail on such a motion to stay, a movant must show "good cause and reasonableness," and the Court "must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and *entirely* eliminate the need for such discovery." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). The Court has considered this balance and is satisfied that these Defendants have shown good cause for and the reasonableness of a sixty-day stay of merits-based discovery as to them.

      Additionally, "district courts enjoy broad discretion in deciding how best to manage the cases before them," *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997), which includes the "broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 683 (1997). Given the impending fact discovery deadline in the Court's most recent Scheduling Order [ECF No. 122], and given that the Court

seeks to avoid piecemeal discovery in this action, the Court shall exercise its discretion and stay merits-based discovery as to *all* Defendants for sixty days.

That said, "[a]lthough the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984). Accordingly, the Plaintiffs shall be permitted to take *jurisdictional* discovery from EMJO Investments Limited, John Dalton, Andrew Pierce, and AP Electric and shall be permitted to amend their response to those Defendants' motion to dismiss for lack of personal jurisdiction to reflect any discovered facts that would support their allegations of jurisdiction.

Therefore, based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

(1) Defendants Canopy Enterprises, Inc.; EMJO Investments Limited; Harald Joachim Von der Goltz; John Dalton; Andrew Pierce; and AP Electrical's Motion to Stay Discovery and/or Motion for Protective Order [ECF No. 132] is **GRANTED**. All merits-based discovery in this action is hereby **STAYED** until **March 10, 2017**;

(2) Plaintiffs' Motion to Defer Ruling on Personal Jurisdiction Pending Merits Determination and/or Completion of Jurisdictional Discovery [ECF No. 135] is **GRANTED**. Plaintiffs shall have until **March 10, 2017**, to conduct jurisdictional discovery as to Defendants EMJO Investments Limited, John Dalton, Andrew Pierce, and AP Electrical. The Plaintiffs shall then have until **March 20, 2017**, to amend their response in opposition to these Defendants' motion to dismiss for lack of personal jurisdiction. Defendants EMJO Investments Limited, John Dalton, Andrew Pierce, and AP Electrical shall then have until **March 27, 2017**, to file a reply to this amended response;

(3) the Plaintiffs' Motions to Compel Discovery and Better Discovery Responses [ECF Nos. 158-160, 162-166 & 177] are **DENIED WITHOUT PREJUDICE**;

(4) Defendant' Joint Motion to Compel Medical Examination of Plaintiff [ECF No. 176] is **DENIED WITHOUT PREJUDICE**;

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of January, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE