UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-20194-GAYLES

LYNN McCULLOUGH and
WILLIAM McCULLOUGH,
    Plaintiffs,

  v.

ROYAL CARIBBEAN CRUISES, LTD., et al.,
    Defendants,
_____/

# ORDER

**THIS CAUSE** comes before the Court on Defendants' Motion for Determination that the Substantive Law of St. Lucia Applies to Plaintiffs' Claims [ECF No. 152] (the "Motion") filed by Defendants Rain Forest Adventures (Holdings) Ltd. ("RF Holdings"); Elite Shore Excursions Foundation ("Elite Shore"); Rain Forest Sky Rides, Ltd. ("Rain Forest Sky Rides"); Rain Forest Tram, Ltd. ("RF Tram"); Canopy Enterprises, Inc. ("Canopy Enterprises"); ENT-Consulting, Inc. ("ENT"); and Harald Joachim Von Der Goltz ("Mr. Von Der Goltz") (collectively the "Rainforest Defendants"). A hearing on the Motion was held on August 7, 2017 [ECF No. 331], and this written Order memorializes the Court's findings and ruling at the August 7th hearing. [ECF No. 340, at 22-24]. The Court has carefully considered the parties' submissions, the record in this case, the applicable law, argument of counsel, and is otherwise fully advised in the premises.

The Court finds that on the basis of the facts alleged in this action, the claims against *all* Defendants are cognizable within the Court's admiralty jurisdiction. *See Belik v. Carlson Travel Grp.,* 26 F. Supp. 3d 1258, 1264-67 (S.D. Fla. 2012) (citing *Cooper v. Meridian Yachts*, *Ltd.*, 575 F.3d 1151 (11th Cir. 2009). On a claim based on an alleged tort occurring at an offshore

location during the course of a cruise, federal maritime law applies, just as it would for torts occurring on cruise ships sailing in navigable waters. *See Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011) (citing *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 901 (11th Cir. 2004)); *see also Isbell v. Carnival Corp.,* 462 F. Supp. 2d 1232, 1236 (S.D. Fla. 2006) (applying federal maritime law in negligence action against cruise line company stemming from accident occurring during an offshore excursion). Because the allegations in this case warrant the exercise of admiralty jurisdiction, the Court finds that federal maritime law, rather than St. Lucia law, governs the substantive issues in this case. *See Jackson v. Carnival Cruise Lines, Inc.,* 203 F. Supp. 2d 1367, 1373 (S.D. Fla. 2002) (citing *Everett v. Carnival Cruise Lines,* 912 F.2d 1355, 1358 (11th Cir. 1990)).

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

The Rainforest Defendants' Motion for Determination that the Substantive Law of St. Lucia Applies to Plaintiffs' Claims [**ECF No. 152**] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of August, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE