# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

Case No. 16-CV-20194-GAYLES

LYNN McCULLOUGH and
WILLIAM McCULLOUGH,

    Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES, LTD., *et al.,*

    Defendants.
_____/

THIS CAUSE came before the Court on Plaintiffs' Motion for Reconsideration of the Court's Order Concerning Personal Jurisdiction [ECF No. 344]. The Court has carefully reviewed the Motion, the record, and the applicable law. For the reasons set forth below, the Motion is denied.

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)) (internal quotations omitted). Arguments that were or should have been raised in the first instance are not appropriate grounds for a motion for reconsideration. *See Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005). Furthermore, "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court . . . already thought through—rightly or wrongly.'" *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). The reconsideration decision is granted only in extraordinary circumstances

and is "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)) (internal quotations omitted).

In their motion for reconsideration, Plaintiffs argue that (1) the Court erred in finding Hershel Alonso Wilson's affidavit (the "Wilson Affidavit") sufficient to shift the burden back to Plaintiffs to prove jurisdiction and (2) the Court should sever and transfer, as opposed to dismissing, Plaintiffs' claims against Defendants Dalton and Pierce/AP Electric to other districts. Plaintiffs fail to raise any new arguments not already considered by the Court. With respect to the Wilson Affidavit, Plaintiffs do not contend that they have new evidence to show that Wilson's declaration that EMJO's principal place of business is in the British Virgin Islands was false or inaccurate. Indeed, Plaintiffs had the opportunity to take discovery and were unable to refute this fact. Rather, Plaintiffs argue that Wilson had no personal knowledge as to any of the information in his affidavit, and that, therefore, EMJO could not have met its burden in the personal jurisdiction analysis. The Court disagrees.

While the bulk of Wilson's declarations were conclusory, his declaration as to EMJO's principal place of business was sufficient to contradict Plaintiffs' allegations and shift the burden of establishing personal jurisdiction back to Plaintiffs. Although Wilson did not necessarily have personal knowledge as to all of the information contained in his Affidavit, an issue already considered by the Court, he was EMJO's designated corporate representative. As such, he was permitted to testify on behalf of the corporation and could include in his testimony information provided by others. *See Atlantic Marine Florida, LLC. v. Evanston Ins. Co.*, No. 3:08-cv-538-J-20TEM, 2010 WL 1930977, at * 2 (M.D. Fla. 2010) (holding that a corporate representative did not need direct personal knowledge of all matters discussed in an affidavit

because representative was inferred to have knowledge on behalf of the corporation); *Stalley v. ADS All. Data Sys., Inc.,* 8:11-CV-1652-T-33TBM, 2014 WL 129069, at *2 (M.D. Fla. Jan. 14, 2014). Moreover, as detailed in the Court's prior Order, Plaintiffs' jurisdictional allegations regarding EMJO's principal place of business were vague and conclusory. The Court only reached the burden shifting analysis because the parties had already completed jurisdictional discovery. Accordingly, any purported failings in the Wilson Affidavit do not justify the Court's reconsideration of its Order finding that Plaintiffs failed to establish personal jurisdiction over EMJO.

In addition, Plaintiffs' argument that the Court should reconsider the issue of severance and transfer Plaintiffs' claims against Defendants Dalton and Pierce/AP Electric is merely a recitation of Plaintiffs' prior arguments. The Court has already evaluated all of the equitable concerns and determined that severance would result in duplicative litigation.[1] Accordingly, Plaintiffs present no basis for the Court to reconsider its prior ruling.

Therefore, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Reconsideration of the Court's Order Concerning Personal Jurisdiction [ECF No. 344] is **DENIED.**

---

1 The Court's dismissal of Defendants Dalton and Pierce/AP Electric was without prejudice. Nothing in the Court's prior order prevents the Plaintiffs from pursuing their claims against those Defendants in the appropriate court.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of January, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE